UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORMAN EUGENE EDWARDS,                  )
                                        )
            Petitioner,                 )      CASE NO.      C05-504JCC
                                        )                    (CR04-44JCC)
      v.                                )
                                        )
UNITED STATES OF AMERICA,               )      REPORT AND RECOMMENDATION
                                        )
            Respondent                  )
_____ )

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Norman Eugene Edwards is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Sheridan, Oregon pursuant to a judgment of this court.  He moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The government opposes petitioner's motion.  After careful consideration of petitioner's motion, the government's response thereto, and the balance of the record, this Court concludes that no evidentiary hearing is required and that petitioner's § 2255 motion should be denied.

## DISCUSSION

On April 29, 2004, petitioner appeared before the Honorable Ricardo S. Martinez, then-United States Magistrate Judge, and entered a guilty plea to a charge of possession of child pornography.

REPORT AND RECOMMENDATION
PAGE - 1

1   (CR04-44JCC, Dkt. Nos. 31 and 33.)  After examining petitioner pursuant to Rule 11 of the Federal

2   Rules of Criminal Procedure, Judge Martinez determined that the guilty plea was knowingly and

3   voluntarily made, and he recommended that petitioner be adjudged guilty.  (CR04-44JCC, Dkt. No.

4   32.)  On May 17, 2004, the Honorable John C. Coughenour, United States District Judge, having

5   received no objection to the recommendation of Judge Martinez, accepted petitioner's guilty plea.

6   (*Id.*, Dkt. No. 35.)  On July 9, 2004, petitioner was sentenced to a term of 24 months imprisonment by

7   Judge Coughenour.  (*Id.*, Dkt. Nos. 40 and 41.)

8        Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for

9   the Ninth Circuit. (CR99-82R, Dkt. No. 44.)  However, petitioner now seeks relief under § 2255.

10                         Pre-Plea Constitutional Violations

11       Petitioner alleges a number of constitutional violations which occurred prior to the entry of his

12   guilty plea.  Petitioner contends that (1) federal law enforcement officers had no probable cause to

13   question him or to search his apartment; (2) the prosecution failed to disclose evidence favorable to

14   him; (3) federal law enforcement officers failed to obtain a warrant; and, (4) he was subjected to an

15   unconstitutional search and seizure.

16       Generally, an individual who voluntarily and intelligently pleads guilty to a criminal offense

17   may not seek collateral relief in federal habeas proceedings based upon an antecedent constitutional

18   infirmity.  *Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973).  The Supreme Court explained in

19   *Tollett* that:

20       [A] guilty plea represents a break in the chain of events which has preceded it in the
         criminal process.  When a criminal defendant has solemnly admitted in open court that
21       he is in fact guilty of the offense with which he is charged, he may not thereafter raise
         independent claims relating to the deprivation of rights that occurred prior to the entry
22       of the guilty plea.  He may only attack the voluntary and intelligent character of the
         guilty plea by showing that the advice he received from counsel was not within the
23       [range of competence demanded of attorneys in criminal cases].

24   *Tollett*, 411 U.S. at 267.

25

26   REPORT AND RECOMMENDATION
     PAGE - 2

1    Petitioner does not allege in these proceedings that his plea was involuntary or unintelligent,

2  nor would the record support such a claim.  Because petitioner asserts in his § 2255 motion that his

3  constitutional rights were violated by events which preceded the entry and acceptance of his plea, his

4  claims are foreclosed by his knowing and voluntary guilty plea.

5                                             CONCLUSION

6    For the reasons set forth above, this Court recommends that petitioner's § 2255 motion

7  be denied.  A proposed order accompanies this Report and Recommendation.

8    DATED this 15th day of August, 2005.

9

10
_____
MONICA J. BENTON

11
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION
PAGE - 3